### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSHUA GOGIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-4110-KHV-ADM |
| | ) |
| GOODYEAR TIRE & RUBBER CO., | ) |
| | ) |
| Defendant. | ) |

### NOTICE AND ORDER TO SHOW CAUSE

To counsel representing defendant Goodyear Tire & Rubber Company ("Goodyear"):

On November 21, 2024, Goodyear removed this case from state court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF 1 ¶ 8.)  Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  The parties to this action include an individual and a corporation.  For an individual, citizenship is determined by domicile and is established by a physical presence in a place with an intent to remain there.  *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989).  An individual's residence is not synonymous with domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 n. 14 (10th Cir. 1972) (holding that "an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).  "[A] corporation is a citizen of its state of incorporation and the state where its principal place of business is located."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing 28 U.S.C. § 1332(c)(1)).  The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  If the

court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.,* 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

Goodyear does not allege facts sufficient to establish complete diversity of citizenship between plaintiff and defendant. Goodyear sufficiently alleges that it is "an Ohio corporation with its principal place in Akron, Ohio, where it performs its executive and administrative functions." (ECF 1 ¶ 13.) But Goodyear alleges only that plaintiff Joshua Gogian ("Gogian") is "a resident of the state of Kansas." (ECF 1 ¶ 12 (citing Petition ¶ 1).) Residence and domicile are not synonymous, and because the record does not reflect the state in which Gogian is domiciled, the court cannot determine whether diversity jurisdiction exists. As such, the court cannot determine the validity of the claimed diversity.

Because the notice of removal does not allege facts sufficient to establish complete diversity of citizenship, the court orders defendants to show cause in writing by **December 6, 2024**, why the court should not recommend that the district judge remand this case for lack of subject-matter jurisdiction. Any response to this show-cause order must point to factual allegations that, if true, would establish complete diversity of citizenship.

**IT IS SO ORDERED.**

Dated November 22, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge